TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Chief, National Security Division
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
Deputy Chief, National Security Division
SARAH E. SPIELBERGER (Cal. Bar No. 311175)
Assistant United States Attorney
Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3358
E-mail: Sarah.Spielberger@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM IZA,<br><br>Defendant. | Case No. 2:24-cr-00630-PA<br><br>GOVERNMENT'S APPLICATION FOR PRELIMINARY ORDER OF FORFEITURE<br><br>*[Proposed] Preliminary Order Of Forfeiture Lodged Under Separate Cover*<br><br>*[No Hearing Requested]*<br><br>**[UNDER SEAL]** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Sarah E. Spielberger, hereby applies for issuance of a Preliminary Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b) as to the following property:

i. One 2022 Mercedes Benz GLS600Z4 VIN: 4JGFF8HB1NA788488;

ii. One 2019 Ferrari 488 Pista VIN: ZFF90HLA9K0240288;

iii. One 2022 Mercedes-Benz Metris VIN: WlYV0CEY3N3966155;

iv. All funds in HSBC Premier account number ending in 5108;

v. All funds in HSBC Premier account number ending in 5116;

vi. All items seized from the premises located at 7 Via Brezza, Newport Coast, California, including:

a. Fourteen Louis Vuitton bags;

b. One Prada bag;

c. One Bottega Veneta bag;

d. Three Chanel bags;

e. Two Celine bags;

f. One Burberry bag;

g. Eight Hermes bags;

h. Five Gucci bags;

i. Two Dior bags;

j. One Balenciaga bag;

k. One black bag inscribed “Lord Tiana”;

l. One pair of Tiffany earrings;

m. One Glock 19, 9mm pistol, serial number BRNW965;

n. One Smith & Wesson, M&P 15 rifle, serial number TP91684;

vii. All items seized from the premises located at 43 Beach View Avenue, Dana Point, CA 92629, including:

a. One black and yellow Jacob & Co. “Godfather” watch;

b. Three “Godfather” sculptures;

viii. All items seized from defendant's person at the time of his arrest with the exception of a gray and gold ring

with a dragon design and clear stone and an Audemars Piguet watch yellow metal with blackface (identified as Asset ID# 24-FBI-006738):

a. One Pair of black Gucci sunglasses;

b. $3,700.00 U.S. Currency.

This application, which deals solely with the specific property as to which forfeiture is sought (described in detail above), is supported by defendant's guilty plea and the matters set forth in the accompanying Memorandum of Points and Authorities.

DATED: September 15, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

*/s/ Sarah E. Spielberger*
SARAH E. SPIELBERGER
Assistant United States Attorney
Major Frauds Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

On January 30, 2025, defendant Adam Iza entered a plea of guilty to Wire Fraud, in violation of 18 U.S.C. § 1343; Conspiracy Against Rights, in violation 18 U.S.C. § 241; and Evasion of Tax Assessment, in violation of 26 U.S.C. § 7201. Pursuant to the Forfeiture Allegations of the First Superseding Information and Federal Rule of Criminal Procedure 32.2(b), the government now applies for the entry of a Preliminary Order of Forfeiture of the following property:

i. One 2022 Mercedes Benz GLS600Z4 VIN: 4JGFF8HB1NA788488;

ii. One 2019 Ferrari 488 Pista VIN: ZFF90HLA9K0240288;

iii. One 2022 Mercedes-Benz Metris VIN: WlYV0CEY3N3966155;

iv. All funds in HSBC Premier account number ending in 5108;

v. All funds in HSBC Premier account number ending in 5116;

vi. All items seized from the premises located at 7 Via Brezza, Newport Coast, California, including:

a. Fourteen Louis Vuitton bags;

b. One Prada bag;

c. One Bottega Veneta bag;

d. Three Chanel bags;

e. Two Celine bags;

f. One Burberry bag;

g. Eight Hermes bags;

h. Five Gucci bags;

i. Two Dior bags;

j. One Balenciaga bag;

k. One black bag inscribed “Lord Tiana”;

l. One pair of Tiffany earrings;

m. One Glock 19, 9mm pistol, serial number BRNW965;

n. One Smith & Wesson, M&P 15 rifle, serial number TP91684;

vii. All items seized from the premises located at 43 Beach View Avenue, Dana Point, CA 92629, including:

a. One black and yellow Jacob & Co. “Godfather” watch;

b. Three “Godfather” sculptures;

viii. All items seized from defendant's person at the time of his arrest with the exception of a gray and gold ring with a dragon design and clear stone and an Audemars Piguet watch yellow metal with blackface (identified as Asset ID# 24-FBI-006738):

a. One Pair of black Gucci sunglasses;

b. $3,700.00 U.S. Currency (collectively, “Forfeitable Property”).

A proposed order is lodged contemporaneously herewith. The government also requests that the forfeiture of the Forfeitable Property be stated orally at defendant’s sentencing and set forth in defendant’s Judgment and Commitment Order.

**II. ARGUMENT**

**A. <u>The Nexus Between Defendant's Crimes and the Forfeitable Property Has Been Established by the Defendant’s Guilty Plea</u>**

As soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court must determine whether the government has

established the requisite nexus between the property and the offense. Fed. R. Crim. P. 32.2(b)(1). The Advisory Committee Notes for this provision explain that for the preliminary order of forfeiture, the court must determine "if the property was subject to forfeiture in accordance with the applicable statute, e.g., whether the property represented proceeds of the offense, was used to facilitate the offense, or was involved in the offense in some other way." Advisory Committee Notes to Rule 32.2, subdivision (b) (2000 Adoption). The standard of proof regarding the forfeitability of property in a criminal case is preponderance of the evidence. *See* United States v. Najjar, 300 F.3d 466, 485-86 (4th Cir. 2002); United States v. Shryock, 342 F.3d 948, 991 (9th Cir. 2003) (following Najjar); United States v. DeFries, 129 F.3d 1293, 1312 (D.C. Cir. 1997); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (interpreting language in 21 U.S.C. § 853); United States v. Bieri, 21 F.3d 819 (8th Cir. 1994) (§ 853).

Thus, the only question before the Court in connection with the requested entry of the proposed Preliminary Order is whether the evidence before the Court is enough to establish by a preponderance of the evidence that there is a nexus between the specific property to be forfeited, and the offense to which defendant pled guilty. *See* Fed. R. Crim. P. 32.2(b)(1).

The existence or extent of third-party interests in the specific property will be determined after the entry of the preliminary order. *See* United States v. Lazarenko, 476 F.3d 642, 648 (9th Cir. 2007) ("Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture without regard to a third party's

interests in the property.”). The preliminary order should be entered promptly in order to avoid unnecessary delay in the forfeiture process and resolve potential third-party rights. United States v. Yeje-Cabrera, 430 F.3d 1, 15 (1st Cir. 2005). The defendant need not be present when the preliminary order is entered. United States v. Segal, 495 F.3d 826, 837-38 (7th Cir. 2007).

The government is not required to establish the defendant’s ownership of the property either to seize it or to obtain a preliminary order of forfeiture, and third parties are prohibited from intervening in the criminal case and cannot complain that they have to wait for the ancillary proceeding to assert their rights. Almeida v. United States, 459 F.3d 377, 381 (2d Cir. 2006); 18 U.S.C. § 1963(i). As explained in the Advisory Committee Notes to Rule 32.2 (2000), the Rule was revised with the intent to eliminate confusion over whether the extent of the defendant’s ownership interest should be determined by the finder of fact. The new rule clarified that the only question upon conviction or a guilty plea is whether there is a nexus between the violation of which the defendant has been convicted (or to which he has pled) and the property sought - if there is, the court should enter an order forfeiting “whatever interest a defendant may have in the property without having to determine exactly what that interest is.” A defendant cannot object to the entry of a preliminary order on the ground that the property at issue does not belong to him. United States v. Schlesinger, 396 F. Supp. 2d 267, 273 (E.D.N.Y. 2005).

Here, as detailed in the Addendum to the Plea Agreement (Dkt. 110), the Forfeitable Property represents assets derived from, or acquired as a result of, the offenses to which defendant pleaded

guilty. Therefore, the requirements of Rule 32.2(b) have been met and the proposed Preliminary Order should be entered.

**B. <u>The Mechanics of the Criminal Forfeiture</u>**

The Preliminary Order of Forfeiture becomes final as to the defendant at the time of sentencing (or before sentencing, if defendant consents). Fed. R. Crim. P. 32.2(b)(3). After entry of the preliminary order, the second phase of the forfeiture proceedings may begin, to determine whether any third-party rights may exist in the specific property to be forfeited. Fed. R. Crim. P. 32.2(c)(1).

Accordingly, the government respectfully requests that the Court enter the proposed Preliminary Order of Forfeiture lodged contemporaneously herewith, authorizing the government to seize the property subject to forfeiture (to the extent it has not already done so) and to commence proceedings governing third-party rights. Fed. R. Crim. P. 32.2(b)(3). Following the Court’s disposition of any third-party interests, or the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions, the government shall have clear title to the Forfeitable Property.

**III. FORFEITURE MUST BE PRONOUNCED AT SENTENCING**

The Court must pronounce the forfeiture conditions orally as part of the sentence imposed on the defendant and must include the forfeiture in the judgment and commitment order. Fed. R. Crim. P. 32.2(b)(4). The government recommends the following language be read to the defendant and modified as necessary for inclusion in the judgment and commitment order at the time of his sentencing:

Pursuant to 18 U.S.C. § 982, 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), 26 U.S.C. § 7301 and the First Superseding Information, defendant ADAM IZA has forfeited all of his right, title, and interest in the specific property more particularly described in the Preliminary Order of Forfeiture entered on [date].

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court forthwith enter the proposed Preliminary Order of Forfeiture lodged herewith.

DATED: September 15, 2026 Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

*/s/*
SARAH E. SPIELBERGER
Assistant United States Attorney
Major Frauds Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA